**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| **KENNETH BYRD,** | : | **Case No.:** |
| | : | |
| **Plaintiff,** | : | **Judge** |
| | : | |
| **vs.** | : | |
| | : | |
| **CARGILL MEAT SOLUTIONS** | : | |
| **CORPORATION,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

---

**DEFENDANTS' JOINT NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Walmart, Inc. ("Walmart") and Cargill Meat Solutions Corporation ("Cargill") (collectively "Defendants") hereby give notice that the civil action currently pending in the Court of Common Pleas of Clermont County, Ohio identified as *Kenneth Byrd v. Cargill Meat Solutions Corporation*, *et al.*, Case No. 2025 CV 04418 (the "Pending Action") is removed to this Court without waiving any rights to which Defendants may be entitled.

As grounds for this Notice of Removal, Defendants state the following:

1. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached.

2. The Complaint in the Pending Action was filed on August 11, 2025, and served on Walmart on or after August 14, 2025. Copies of the Summons and Complaint are attached as Exhibit A. The Summons and Complaint constitute all process, pleadings, and orders served upon Walmart and Cargill to date.

3. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within thirty (30) days of Defendants' receipt of service of the Summons and Complaint.

4. Removal of the Pending Action is proper under 28 U.S.C. §§ 1332 and 1441 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. While Defendants contend Plaintiff's allegations are without merit and Plaintiff is entitled to no recovery whatsoever, Plaintiff requests statutory and common law damages and remedies under the Pure Food and Drug Act, the Ohio Consumer Sales Practices Act, Ohio Products Liability Act, Common Law Negligence, and Breach of Implied Warranty.

6. Because the damages sought include, but are not limited to, recovery for alleged "severe bodily injuries," "great pain and suffering, both physical and emotional, and loss of ability to perform usual functions," "reasonable and necessary medical expenses" that will "accrue into the future," punitive damages under the Ohio Products Liability Act which may be trebled, and interest and costs, the amount in controversy exceeds the jurisdictional requirement.

7. Moreover, the Pending Action involves a controversy with complete diversity of citizenship between citizens of different states.

8. Upon information and belief, Plaintiff is now, and at the time of the commencement of the Pending Action was, a resident and citizen of the State of Ohio.

9. Walmart is a Delaware corporation with its principal place of business in Arkansas and is therefore a citizen of Delaware and Arkansas.

10. Cargill Meat Solutions Corporation is a Delaware corporation with its principal place of business in Kansas and is therefore a citizen of Delaware and Kansas.

11. Accordingly, there is complete diversity.

12. Venue is proper in this Court because it is the district court for the district and division of the Pending Action – the Court of Common Pleas of Montgomery County, Ohio.

13. The undersigned counsel certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's Notice of Filing of Notice of Removal has been served upon counsel for Plaintiff.

14. The undersigned counsel further certifies, in accordance with 28 U.S.C. § 1446(d), that concurrent with the filing and service of this Notice of Removal, Defendant's Notice of Filing of Notice of Removal has been filed with the Clerk of the Court of Common Pleas of Montgomery County, Ohio.  A copy of the Notice of Filing of Notice of Removal is attached as Exhibit B.

15. Wherefore, Defendants request the Pending Action be removed to the United States District Court for the Southern District of Ohio, Western Division at Dayton.

16. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants consent to the removal of the Pending Action.

Respectfully submitted,

/s/Christine Haaker
Christine Haaker
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
Tel: 937-443-6822
Fax: 937-443-6635
Email: Christine.Haaker@thompsonhine.com

Attorney for Defendant
Cargill Meat Solutions Corporation

/s/Stephen D. Cordle
Allison G. Knerr (0082462)
Stephen D. Cordle (0104577)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: 513-977-8454
Fax: 513-977-8141
Email: allison.knerr@dinsmore.com
         stephen.cordle@dinsmore.com

Attorneys for Defendant
Walmart, Inc.

3

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was electronically filed with United States District Court for the Southern District of Ohio and served on the below parties this 12th day of September 2025.

Kenneth J. Ignozzi
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Phone: (937) 223-8888
Fax: (937) 223-0127
kignozzi@dgmslaw.com
*Attorney for Plaintiff*

/s/ *Stephen D. Cordle*
Stephen D. Cordle

# EXHIBIT A

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, August 11, 2025 8:29:41 AM
CASE NUMBER: 2025 CV 04418 Docket ID: 139216389
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **Kenneth Byrd** | : | **Case No.** |
| 4032 North Main Street | : | |
| Apartment 1117 | : | |
| Dayton, Ohio 45405 | : | **Judge:** |
| | : | |
| **Plaintiff,** | : | **COMPLAINT FOR PERSONAL** |
| | : | **INJURIES, JURY DEMAND** |
| **vs.** | : | **ENDORSED HEREON** |
| | : | |
| **Cargill Meat Solutions Corporation** | : | |
| **c/o Statutory Agent** | : | |
| **United Agent Group Inc.** | : | |
| 119 E. Court Street | : | |
| Cincinnati, Ohio 45202 | : | |
| | : | |
| **and** | : | |
| | : | |
| **Walmart, Inc.** | : | |
| **c/o Statutory Agent** | : | |
| **CT Corporation System** | : | |
| 4400 Easton Commons Way | : | |
| Suite 125 | : | |
| Columbus, Ohio 43219 | : | |
| | : | |
| **Defendants.** | : | |

## FIRST CLAIM FOR RELIEF

1. At all relevant times, Defendant Cargill Meat Solutions Corporation (hereinafter "Defendant Cargill") was and is a for-profit corporation who conducts business throughout the United States and the State of Ohio, and conducts business within Montgomery County, Ohio, including manufacturing, packaging, labeling, distributing, and/or selling food products including ground beef in grocery stores within the state of Ohio.

2. At all relevant times, Defendant Walmart, Inc.'s (hereafter "Defendant Walmart") was and is a for-profit corporation who was/is conducting business within Montgomery County, the City of Dayton, Ohio, at its store located at 3465 York Commons Boulevard in Dayton, Montgomery County, Ohio , and conducts business within Montgomery County, Ohio, including

1

manufacturing, packaging, labeling, distributing, and/or selling food products including ground beef in grocery stores within the state of Ohio.

3.     At all relevant times, Defendant Walmart was and is a for-profit corporation who was/is conducting business within Montgomery County, the City of Dayton, Ohio at its store, which it is the owner/operator of, located at 3465 York Commons Boulevard in Dayton, Montgomery County, Ohio.

4.     On or about September 3, 2023 at 1:55pm, Plaintiff Kenneth Byrd (hereafter "Plaintiff") purchased a package of ground beef (hereinafter "Beef Package") from Defendant Walmart's store located at 3465 York Commons Boulevard in Dayton, Montgomery County, Ohio that was processed and packaged by Defendant Cargill in Wichita, Kansas.

5.     The Beef Package was sealed, labeled for sale, and represented as safe and suitable for human consumption, and Plaintiff properly stored the Beef Package in the freezer before use.

6.     Defendant Walmart and/or Defendant Cargill manufactured, packaged, labeled, distributed and /or sold the Beef Package.

7.     At all relevant times herein, Defendants' employees and/or agents were acting within the course and scope of their employment and/or agency with Defendant Cargill and/or Defendant Walmart, as employees and/or independent contractors and/or maintenance personnel, and Defendants are therefore vicariously liable.

8.     Plaintiff upon purchase, properly stored the Beef Package and properly cooked the ground beef within it whenever he prepared any portion of it.

9.     Plaintiff cooked the ground beef contained in the Beef Package according to standard safe cooking practices and consumed the product, on at least two occasions - once for sloppy joes and once for tacos, between September 3, 2023 and September 16, 2023.

10.     Shortly after, he consumed the ground beef in the Beef Package, Plaintiff began experiencing severe gastrointestinal symptoms including nausea, vomiting, and abdominal pain.

11.     On the third occasion when he prepared a portion of the ground beef from the Beef Package, Plaintiff made several hamburger patties and cooked them properly and appropriately, and upon taking them out of the oven observed what appeared to be parasites or worms, and did not consume the meat. Those cooked patties, and the remaining uncooked ground beef from the Beef Package remain secured in a freezer currently.

12.     On or about September 18, 2023, Plaintiff was evaluated at Miami Valley Hospital which included testing, and thereupon was diagnosed with parasites.

13.     As a result of the failure of Defendant Walmart and/or Defendant Cargill to properly manufacture the Beef Package; the failure to safely package the Beef Package; failure to

2

properly inspect the Beef Package for dangers that pose a threat to the public, generally, and Plaintiff, specifically; and/or the failure to safely stock and/or store the Beef Package, the Beef Package contained parasites, which Plaintiff ingested when he ate portions of ground beef in the Beef Package, resulting in severe gastrointestinal symptoms and illness that necessitated medical treatment.

14. Defendants negligently failed to actively warn the public so as to prevent customers of the products to the dangerous and hazardous conditions created by the faulty Beef Package, causing substantial injury to Plaintiff.

### COUNT I - VIOLATION OF PURE FOOD AND DRUG ACT

15. Plaintiff reiterates, restates, and realleges each and every aforementioned allegation contained above.

16. The food that was purchased and consumed by Plaintiff on the above-referenced date was in violation of the Pure Food and Drug Act and in general adulterated pursuant to and as defined in Ohio Revised Code 3715.59.

17. The adulterated food was injurious to health and/or unsafe within the meaning of the Ohio Revised Code 3715.62.

18. The food purchased and consumed by Plaintiff on the above-referenced dates was manufactured, sold and/or offered for sale by Defendant Cargill and /or Defendant Walmart, an act in violation of the Pure Food and Drug Act and in general adulterated, as prohibited by Ohio Revised Code 3715.52.

19. The sale, manufacturing, and/or serving of such adulterated food is a violation of the applicable health laws and constitutes negligence *per se*.

20. As a direct and proximate result of the above conduct of the Defendants, Plaintiff suffered injuries and damages as follows:

a. Severe bodily injuries to his person causing Plaintiff to seek medical care, including but not limited to parasites, anxiety and PTSD;

b. Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

c. Reasonable and necessary medical expenses in excess of $17,449.64, with additional medical treatment and expenses to accrue into the future.

d. Miscellaneous out of pocket expenses in an amount yet to be determined.

3

## COUNT II – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

21.     Plaintiff reiterates, restates, and realleges each and every aforementioned allegation contained above.

22.     Plaintiff is a consumer pursuant to Ohio Revised Code 1345.01.

23.     Defendants are suppliers pursuant to Ohio Revised Code 1345.01.

24.     The sale of food by the Defendants and the purchase by Plaintiff constitute a consumer transaction pursuant to Ohio Revised Code 1345.01.

25.     Plaintiff had an expectation that the ground beef in the Beef Package would not contain parasites.

26.     Defendants' service of adulterated food is an unfair, deceptive, and unconscionable act or practice as set forth by RC 1345.02 and/or 1345.03.

27.     Defendants knowingly violated the Consumer Sales Practice Act, Ohio Revised Code 1345.02 and 1345.03.

28.     As a direct and proximate result of the above conduct of the Defendants, Plaintiff suffered injuries and damages as follows:

a.     Severe bodily injuries to his person causing Plaintiff to seek medical care, including but not limited to parasites, anxiety and PTSD;

b.     Great pain and suffering, both physical and emotional, and loss of ability to perform usual functions and the injuries will cause further pain and suffering and loss of ability to perform usual functions in the future;

c.     Reasonable and necessary medical expenses in excess of $17,449.64, with additional medical treatment and expenses to accrue into the future.

d.     Miscellaneous out of pocket expenses in an amount yet to be determined.

## COUNT III – VIOLATION OF THE OHIO PRODUCTS LIABILITY ACT

29.     Plaintiff reiterates, restates, and realleges each and every aforementioned allegation contained above.

30.     Plaintiff is a claimant pursuant to Ohio Revised Code 2307.71.

31.     Defendant Cargill and Defendant Walmart are manufacturers and/or suppliers pursuant to Ohio Revised Code 2307.71.

32. The Beef Package was defective and therefore unreasonably dangerous when placed into the stream of commerce by Defendant Cargill and/or Defendant Walmart, by reason of the following product defects:

1. Manufacturing Defect
The Beef Package was defective in manufacture and construction as defined in Ohio Revised Code 2307.74, which allowed parasites to be contained within;

2. Design Defect
The Beef Package was defective in design or formulation as defined in Ohio Revised Code 2307.75 in that:

3. Consumer Expectation Standard
The Beef Package was defective because it did not conform to the representations made by Defendant Walmart and Defendant Cargill, as defined in Ohio Revised Code 2307.77;

4. Risk Benefit Standard
The foreseeable risks associated with the design of the Beef Product, as defined in Ohio Revised Code 2307.75, exceeded the benefits associated with that design or formulation; and

5. Warning Defect
The Beef Package was defective due to inadequate warning or instruction, as they are defined in Ohio Revised Code 2307.76, in that Defendant Walmart and Defendant Cargill failed to provide adequate warning or instruction that a manufacturer or seller exercising reasonable care would have provided concerning the risk of injury and likely seriousness of harm for use of the product.

33. The defective aspect of the Beef Package was the proximate cause of harm for which Plaintiff seeks to recover compensatory damages.

34. The Defendants designed, formulated, produced, constructed, created, assembled, and/or rebuilt the Beef Package that was the cause of harm for which Plaintiff seeks to recover compensatory damages.

35. The conduct of Defendant Cargill and/or Defendant Walmart in designing, manufacturing and distributing the Beef Package, used by Plaintiff on/around September 3, 2023, constitutes misconduct by the manufacturer or supplier that manifested a flagrant disregard for the safety of the persons who might be harmed by the product in question, such that an award of punitive damages against Defendant Walmart and/or Defendant Cargill pursuant to Ohio Revised Code 2307.80 is proper in this case.

5

36.     As a direct and proximate result of the above conduct of the Defendants, Plaintiff sustained injuries and damages as heretofore set forth

## COUNT IV – NEGLIGENCE

37.     Plaintiff reiterates, restates, and realleges each and every aforementioned allegation contained above.

38.     Defendants had a duty to warn Plaintiff of any potential dangers present in the food.

39.     Defendants had a duty to not harm Plaintiff as a customer.

40.     Defendants had a duty to not place unreasonably dangerous products in the stream of commerce.

41.     Defendants' employees and/or agents have a duty to complete work assigned to them in a reasonably safe manner and to exercise reasonable caution/care when completing work so as to provide safe and edible ground meat to consumers.

42.     Defendants have a duty to exercise reasonable care and to work in a manner consistent with the standard operation of a products, including supervision of employees and/or agents, inspection of the premises and elimination of dangers in connection with the work of its employees and/or agents.

43.     Defendants have a duty to operate its products in a reasonably safe manner, to inspect its products in a manner designed to discover dangerous and hazardous conditions, and to provide a warning to the public regarding the existence of dangerous and hazardous conditions such as potential exposure to allergens and/or parasites.

44.     Defendants were negligent in the manner which it conducted its work, in that it recklessly, carelessly and negligently created and/or maintained a dangerous condition known by it to exist, or one that should have been known to exist, to wit: selling a 4.5lb package of ground beef with parasites.

45.     Defendants' failure to train and/or supervise said employees and/or agents caused and/or substantially contributed to the negligence cited above.

46.     Defendants were negligent in the operation, maintenance, and care of its products in that it unreasonably and unnecessarily created a dangerous and hazardous condition and/or allowed such condition to exist, to wit: selling for consumption ground beef that was contaminated with parasites.

47.     Defendants were negligent in that it failed to conduct any regular inspection of its products, thereby failing to discover and correct/repair the defective condition which presented a

6

hazard to the public, generally, and Plaintiff, specifically, by not providing a safe and edible ground beef product, in violation of state and federal laws.

48.     Defendants were negligent in their failure to warn Plaintiff of the potential parasites being present in the ground beef in the Beef Package.

49.     Defendants were negligent in their failure to inspect the ground beef in the Beef Package that were supposed to be free of parasites, which breached the duties of Defendants to Plaintiffs as set forth above.

50.     As a direct and proximate result of the above conduct of the Defendants, Plaintiff sustained injuries and damages as heretofore set forth.

### COUNT V – BREACH OF IMPLIED WARRANTY

51.     Plaintiff reiterates, restates, and realleges each and every aforementioned allegation contained above.

52.     The Beef Package contained a defect by having unreasonably dangerous parasites inside it.

53.     The defect was present at the time the product left the hands of the manufacturer.

54.     As a direct and proximate result of the defect and the above conduct of the Defendants, Plaintiff sustained injuries and damages as heretofore set forth.


**WHEREFORE,** Plaintiff, Kenenth Byrd, demands a judgment against Defendants, Walmart, Inc. and Cargill Meat Solutions Corporation, jointly and severally, in an amount in excess of $25,000.00, plus interest and costs of this action.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

/s/ Kenneth J. Ignozzi                               .
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff
131 N. Ludlow Street, Suite 1400
Dayton, OH  45402
Phone: (937) 223-8888
Fax: (937) 223-0127
kignozzi@dgmslaw.com

7

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

Respectfully submitted,

DYER, GAROFALO, MANN & SCHULTZ

/s/ Kenneth J. Ignozzi                    .
Kenneth J. Ignozzi, Esq. (0055431)
Attorney for Plaintiff

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
2025-08-11T10:13:57.02
CASE NUMBER: 2025 CV 04418 Docket ID: 932822324
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**

KENNETH BYRD

**VS**

**DEFENDANT**

CARGILL MEAT SOLUTIONS CORPORATION
et al

**CASE NUMBER**

2025 CV 04418

**ARTICLE NUMBER**

883469928503

**TO THE FOLLOWING NAMED DEFENDANT:**

CARGILL MEAT SOLUTIONS CORPORATION

119 E. COURT STREET

CINCINNATI OH 45202

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

KENNETH BYRD

4032 NORTH MAIN STREET

APT 1117

DAYTON, OH  45405

**PLAINTIFF ATTORNEY:**

KENNETH J IGNOZZI

131 NORTH LUDLOW STREET SUITE 1400

DAYTON, OH 45402

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Monday, August 11, 2025**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**


**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

**PLAINTIFF**

KENNETH BYRD

**VS**

**DEFENDANT**

CARGILL MEAT SOLUTIONS CORPORATION
et al

**CASE NUMBER**

2025 CV 04418

**ARTICLE NUMBER**

883469928503

**TO THE FOLLOWING NAMED PARTY:**

CARGILL MEAT SOLUTIONS CORPORATION
119 E. COURT STREET
CINCINNATI, OH 45202

## RETURN OF SERVICE(PERSONAL)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2025, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2025.

By _____

## RETURN OF SERVICE(RESIDENCE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2025, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2025.

By _____

## RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

| | |
|---|---|
| SERVICE | $_____ |
| MILEAGE | _____ |
| TOTAL | $_____ |
| DATE | _____ |

I received the document on _____, 2025, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
# CIVIL DIVISION

# SUMMONS

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| KENNETH BYRD | 2025 CV 04418 |

**VS**

| **DEFENDANT** | **ARTICLE NUMBER** |
|---|---|
| CARGILL MEAT SOLUTIONS CORPORATION et al | 883469931234 |

**TO THE FOLLOWING NAMED DEFENDANT:**

WALMART INC

4400 EASTON COMMONS WAY

SUITE 125

COLUMBUS OH 43219

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

KENNETH BYRD

4032 NORTH MAIN STREET

APT 1117

DAYTON, OH  45405

**PLAINTIFF ATTORNEY:**

KENNETH J IGNOZZI

131 NORTH LUDLOW STREET SUITE 1400

DAYTON, OH 45402

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov.  If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff.  If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Monday, August 11, 2025**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| KENNETH BYRD | 2025 CV 04418 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CARGILL MEAT SOLUTIONS CORPORATION<br>et al | 883469931234 |

**TO THE FOLLOWING NAMED PARTY:**

WALMART INC
4400 EASTON COMMONS WAY
SUITE 125
COLUMBUS, OH 43219

## RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL        $_____

DATE        _____

I received the document on _____, 2025, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2025.

By _____

## RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL        $_____

DATE        _____

I received the document on _____, 2025, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2025.

By _____

## RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE        $_____

MILEAGE        _____

TOTAL        $_____

DATE        _____

I received the document on _____, 2025, at ____ o'clock ____ M. with instructions to make personal/residence service upon

_____ and I was unable to serve a copy documents upon him/them for the following reasons:

_____

By _____

PAGE INTENTIONALLY LEFT BLANK

# EXHIBIT B

**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

| | | |
|---|---|---|
| **KENNETH BYRD,** | : | **Case No.:** |
| | : | |
| **Plaintiff,** | : | **Judge** |
| | : | |
| vs. | : | |
| | : | |
| **CARGILL MEAT SOLUTIONS** | : | |
| **CORPORATION,** *et al.,* | : | |
| | : | |
| **Defendants.** | : | |

---

### DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL

---

PLEASE TAKE NOTE that Defendants Walmart, Inc ("Walmart") and Cargill Meat Solutions Corporation ("Cargill") filed a Notice of Removal from the Montgomery County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division (Dayton) (the "Southern District") on September 12, 2025, with the Clerk of Court for the Southern District.  A copy of the Notice of Removal, without exhibits, is attached hereto.

Respectfully submitted,

*/s/Stephen D. Cordle*
Allison G. Knerr (0082462)
Stephen D. Cordle (0104577)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Tel: 513-977-8454
Fax: 513-977-8141
Email: allison.knerr@dinsmore.com
          stephen.cordle@dinsmore.com

*Attorneys for Defendant*
*Walmart, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was electronically filed with the Montgomery County Court of Common Pleas and served on the below parties via email on the 12th day of September 2025.


Kenneth J. Ignozzi
131 N. Ludlow Street, Suite 1400
Dayton, OH 45402
Phone: (937) 223-8888
Fax: (937) 223-0127
kignozzi@dgmslaw.com
*Attorney for Plaintiff*

/s/ Stephen D. Cordle
Stephen D. Cordle